**William HOLCOMBE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42487.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

R. Mayo Davidson, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William D. Darling, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary; the punishment, seven years.

The appellant represented by retained counsel of his choice, pled guilty before the court after the waiver of a jury in accordance with Art. 1.13, Vernon's Ann.C.C.P., and after an enhancement paragraph under Article 63, Vernon's Ann.P.C., was dismissed. The court fully advised the appellant of his constitutional rights and admonished him as to the consequences of his plea. After the court advised the appellant of his rights of confrontation and cross-examination, he waived those rights in writing, and with his attorney stipulated in writing and in open court, to the admission in evidence of the transcript of the testimony of the Reverend E. Stanley Branch which had been taken at the examining trial which shows that Reverend Branch had apprehended the appellant coming out of Reverend Branch's church building on April 13, 1968, carrying a typewriter and an adding machine with a value in excess of $50.00 without Reverend Branch's consent to take them or enter the church, which had been previously closed and had been forcibly entered. The appellant then took the stand and confessed in open court that on April 13, 1968, he broke into and entered Reverend Branch's church with an intent to steal. Judgment was rendered and entered on January 6, 1969. On January 17, 1969, the appellant was sentenced; in open court he gave notice of appeal; and the court appointed counsel to represent him on appeal.

The appellant requests that the Court of Criminal Appeals give him credit on his sentence for the time he has spent in jail while his case is on appeal. Article 42.03, V.A.C.C.P., provides that it is within the discretion of the trial judge to re-sentence an appellant after his appeal has been affirmed by the Court of Criminal Appeals and give him credit for any time spent in jail while his appeal was pending and note such credit allowed upon the mandate. Alexander v. State, Tex.Cr.App., 402 S.W.2d 170.

The Court of Criminal Appeals has no authority to allow the appellant credit for jail time.

Counsel for the appellant concedes the requirements of Articles 1.13, and 1.15, V.A.C.C.P., have been complied with. This

Court has examined the record, and it supports his conclusion.

 The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.