### Ex parte Don Wesley GRIFFITH.

### No. 43336.

Court of Criminal Appeals of Texas.

July 22, 1970.

Harry H. Walsh, Huntsville, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Jim

D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is a post conviction habeas corpus proceeding brought by an inmate of the Texas Department of Corrections.

The petitioner first applied to the convicting court seeking only credit on his sentence for the time spent in jail pending his appeal. The record reflects the petitioner entered a plea of guilty to the offense of burglary on October 26, 1964, in Criminal District Court No. 2 of Tarrant County in Cause No. 69282. His punishment was assessed at 10 years. Sentence was pronounced on November 26, 1964, and he was given credit on his sentence for the time he had been in custody *prior to sentence*. He gave notice of appeal and his conviction was affirmed by this Court in 391 S.W.2d 428. The mandate of affirmance was issued on June 25, 1965, and received by the District Clerk of Tarrant County on June 26, 1965. The petitioner remained in custody pending the appeal.

It is appellant's contention that in light of the holding of the Fifth Circuit Court of Appeals in Robinson v. Beto, 426 F.2d 797 (1970), he is constitutionally entitled to credit on his sentence for the time spent in jail during the pendency of the appeal and that with such credit he is now entitled to release from confinement.

The State in its answer to the habeas application agrees.

Without conducting an evidentiary hearing the trial court made certain findings of fact from the records before it and concluded as a matter of law that petitioner was entitled to the credit sought under the authority of Robinson, but that it (the trial court) lacked authority to grant the relief requested and recommended to this Court that it grant such credit to the petitioner.

It is here deemed appropriate that we review the background and history of the law in Texas relating to credit on a sentence for both pre-sentence and post sentence custody or confinement.

Former Article 768, V.A.C.C.P., 1925, was amended in 1931 (Acts 1931, 42nd Leg., ch. 86, p. 129) so as to provide for the first time that trial courts have the authority to give a defendant credit on his sentence for the time, or any part thereof, which the defendant has spent in jail in said cause from the time of arrest and confinement until the time of the imposition of sentence by the trial court. The statute was further amended in 1941 (Acts 1941, 47th Leg., ch. 139, p. 193) authorizing the trial court, where an appeal had been taken, the conviction affirmed and mandate received, to again call the defendant before the trial court for re-sentencing, allowing the court to subtract from the original sentence the time the defendant had lain in jail pending appeal. In 1957 the act was again amended (Acts 1957, 55th Leg., ch. 149, p. 330) to provide equal application to misdemeanor cases as well as felony cases.

In the 1965 Code of Criminal Procedure the statute became Article 42.03, Vernon's Ann.C.C.P., and was amended to have application to those defendants whose sentences were in excess of 15 years as well as those who had received 15 years or less. Among other changes it required the court, when re-sentencing a defendant after affirmance of the appeal (subtracting from the original sentence the time spent in jail pending appeal) to note such action upon the mandate for the benefit of the Texas Department of Corrections.

The statute was again amended in 1967 and now reads as follows:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant except when his presence is not required by Article 42.02 at any time after the expiration of the time allowed for making

the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which the defendant was convicted may within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court; and provided further, that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the clerk of the trial court, the judge is authorized to again call said defendant before him; and if pending appeal, the defendant has not made bond and has remained in jail pending the time of such appeal, said trial judge may then in his discretion resentence the defendant, and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal, noting any credit allowed upon the mandate, which credit shall be allowed by the Texas Department of Corrections in all computations affecting the eligibility of the defendant for parole or discharge. Where jail time has been awarded, the trial judge may, when in his discretion the ends of justice would best be served, sentence the defendant to serve his sentence during his off-work hours, or on week-ends. When such a sentence is permitted by the trial judge it must be served on consecutive days or consecutive week-ends. The trial judge

may require bail of the defendant to insure the faithful performance of the sentence. The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence."

Article 42.09, V.A.C.C.P., also provides in part as follows:

"In cases where no appeal is taken, the sentence shall begin to run on the day same is pronounced, but where an appeal is taken and the defendant is in jail or in an institution operated by the Department of Corrections, his sentence shall begin to run with the date of the mandate, and in the event any *credit* has been allowed under the provisions of Article 42.03, the credit shall be fully subtracted from the sentence and reflected on the mandate and commitment, and in every such case the commitment shall so state." (emphasis supplied)

 It is clear from the statutory scheme that it is within the discretion of the trial court to grant credit on the sentence when imposed for all or any part of pre-sentence custody. When such discretion is exercised, the date of the sentence does not change, even though the procedure is frequently referred to as "back dating the sentence." As stated in Attorney General's Opinion C–234 (March 31, 1964) "It is our opinion that since the statute does not specifically provide for dating back a sentence, specific credit should be written into the formal sentence."[1] In other words, the sentence is never dated back but the defendant is given credit from the date of confinement to the date of the sentence, i. e., if the date of confinement is July 4 and the date of the sentence is De-

---

1. In this connection such opinion also stated: "If there is an omission on the records of the trial court to correctly reflect the acts by the trial judge, this can be corrected under the Nunc Pro Tunc provisions of Article 772, Vernon's Code of Criminal Procedure." See now Article 42.06, V.A.C.C.P.

All too frequently sentences seen in appellate records contain the notation

"Back time allowed from (date)," "Sentence back dated to (date)." It would appear to be more desirable to formally write into the sentence a statement such as "The defendant is hereby granted credit on his sentence under the provisions of Article 42.03, V.A.C.C.P., from (date of confinement) to the (date of this sentence)."

cember 14, the sentence should reflect, if the court exercises its discretion, that the defendant is to have credit on his sentence (dated December 14) from July 4 to December 14. The date of the sentence is not back dated and the date of the imposition of the sentence remains the same.

■ It should be here noted that once credit is granted for pre-sentence custody or confinement, it is not lost by the fact that notice of appeal is given. See Attorney General's Opinion C–234, supra.

Also, *under the statute* the trial court has *the discretion* to subtract from the original sentence the time spent in jail pending appeal after the affirmance of the conviction. Alexander v. State, Tex.Cr.App., 402 S.W. 2d 170; Holcombe v. State, Tex.Cr.App., 448 S.W.2d 493. Here the procedure does not involve merely granting credit on the sentence, but calls for the defendant to be again brought before the trial court to be re-sentenced with the judge actually subtracting from the original sentence the time the defendant has lain in jail pending appeal. For example, if an accused's original sentence is ten years based on a jury verdict and his conviction is affirmed, and the trial court finds he has lain in jail six months pending appeal, such court after receipt of the mandate could re-sentence the defendant in open court to nine and one half years. Such procedure most likely would be of somewhat greater benefit to the defendant than if he was merely granted credit for such time. Bennett v. State, Tex.Cr.App., 450 S.W.2d 652; see also Article 42.12, Sec. 15(a), V.A.C.C.P.

■ Normally, such procedure would be utilized immediately after receipt of the mandate while the defendant is still in the county of prosecution since it involves re-sentencing in open court in presence of the defendant (See Articles 42.02 and 42.03,

V.A.C.C.P.) but there would appear to be no reason why the court could not exercise such authority at some later time even after the defendant's confinement in the Texas Department of Corrections by the issuance of a bench warrant. See Attorney General's Opinion C–234, supra. The authority to take such action is vested by statute within the sole and sound discretion of the trial court even though such action is taken after the affirmance of a conviction and the issuance of a mandate by this Court. Holcombe v. State, supra.

Such was the status of Texas law when the United States Supreme Court handed down its decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656. Noting that the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment (See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707) the Court in Pearce held that in the event of a second conviction, following a successful use of post conviction remedies, etc., the defendant was entitled to full credit on the new sentence for the time spent in prison under the former conviction.[2]

Using Pearce as a base, the Fifth Circuit Court of Appeals in Robinson v. Beto, supra, held that a defendant who appeals has a constitutional right to credit on his sentence for the time spent in jail pending the appeal. The court said: "Due process requires that a state, once it establishes avenues of appellate review, must keep those avenues free of unreasoned distinctions that impede open and equal access to the courts. North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. A defendant's right of appeal must be free and unfettered. Id."

The Court concluded that under Texas procedure only those who appeal their con-

---

2. It is interesting to note that in Mr. Justice Stewart's majority opinion in Pearce the phrases "fully credited," "fully subtracted from any new sentence imposed," "by subtracting from them whatever new sentence is imposed," and "second sentence must be reduced by the time served," are all used apparently synonymously.

victions run the risk of longer imprisonment since the sentences of those who choose not to appeal begin on the date of the sentence but the sentences of those who appeal unsuccessfully begin on the date of the mandate. See Article 42.09, supra; Powell v. State, 124 Tex.Cr.R. 513, 63 S.W.2d 712, 713.

■ The ultimate effect of Robinson destroys the statutory discretion vested in the trial judge by Article 42.03, supra, as to granting credit for post sentence confinement pending appeal.[3] It is now mandatory as a constitutional requirement that each such defendant receive credit for such time.[4] See also Cole v. North Carolina (4th Cir.) 419 F.2d 127.

The Fifth Circuit Court of Appeals, as well as the United States District Court, generally talked only in terms of the constitutional requirement of credit for time spent in confinement pending appeal.

While the circuit court mentioned the Texas statute, it referred to the procedure as re-sentencing to grant credit. The re-sentencing procedure involving actual subtraction from the original sentence was not discussed apparently since the court considered it practically synonymous with the granting of credit.

■ We do not interpret Robinson, however, as requiring a resentencing in order to meet its demands. It would appear that the dictates of Robinson would be complied with if the trial court grants credit on the sentence from the date of the sentence to the date of the issuance of the mandate by the Court of Criminal Appeals and certifies such fact to the authorities of the Texas Department of Corrections.[5] If desired, there would appear no reason why the somewhat more cumbersome statutory procedure of re-sentencing and subtraction could not be used by the trial court. It would be slightly more beneficial to the de-

---

3. Robinson *does not* affect the discretion vested in the trial court as to credit for time served *prior to sentence.* In Gremillion v. Henderson, Warden, 425 F.2d 1293, the Fifth Circuit Court of Appeals held there was no federal constitutional right to credit for time served prior to sentence. See also Bennett v. State, Tex.Cr.App., 450 S.W.2d 652. Cf. Wright v. Maryland Penitentiary (4th Cir.) 429 F.2d 1101. It is conceivable, however, that trial judge's discretion as to granting credit for pre-sentence custody could be employed in such a manner as to deter an accused's right of appeal. If it is, then a constitutional question may well be presented.

4. As we interpret Robinson, it would also have application to a defendant who has remained in jail only a portion of the time pending appeal and then secures release upon bail for the remainder of the time pending appeal, the provisions of Article 42.03, supra, to the contrary notwithstanding. Such a defendant would be entitled to credit on his sentence from the date of his sentence until the date of his release on bond pending appeal. In such cases, under the provisions of Article 42.09, supra, the sentence does not begin to run on the date of the mandate but upon the date the defendant who is at large upon bond is taken into

custody by virtue of a commitment issued after receipt of the mandate, which date is to be endorsed upon the commitment. It should be here remembered that only those who have received a penalty of 15 years or less may be admitted to bail pending appeal. See Article 44.04, V.A. C.C.P.

Despite the date by law upon which a sentence begins to run, whether it is the date of the sentence itself, the date of the mandate, or date the defendant (at large on bond) is taken into custody after receipt of mandate, such date does not affect the credit given upon such sentence. A sentence may begin to run upon the date of the issuance of the mandate, but such sentence is subject to any credit granted for pre-sentence custody as well as any additional credit as to time spent in jail pending appeal.

5. Such instrument should certify the fact that the defendant has been confined and for what period of time (See footnote No. 4) as well as the date of the sentence and mandate and the trial court's action in granting credit. The date of the sentence and mandate may already be known to the Texas Department of Corrections, but the period of confinement will not always be known to such department.

fendant (See Bennett v. State, Tex.Cr. App., 450 S.W.2d 652) and would satisfy the requirements of Robinson.

 Regardless of which method is employed by the trial court in meeting the dictates of Robinson, such action, taken after the issuance of the mandate, does not require the prior approval of this Court. It is not such a discharge or release from a final felony conviction as would require the approval of the Court of Criminal Appeals under Article 11.07, V.A.C.C.P.

 In the future, credit for post sentence confinement pending appeal may be noted upon the mandate and commitment. For all pre-Robinson cases, such as the case at bar, at least where the credit method alone is used, a certification by the trial court to the authorities of the Texas Department of Corrections will suffice.[6]

 Therefore, it is clear from what has been said that the trial judge in the instant case need not have forwarded to this Court for approval his action in granting credit on petitioner's sentence for time spent in jail pending appeal. In this uncharted area, his action in doing so, however, is understandable and afforded this Court a vehicle in which to discuss the effect of Robinson upon Texas procedure.[7]

 Petitioner being entitled to credit on his sentence from November 26, 1964 to June 25, 1965, as determined by the trial court and it having been made to appear that with such credit that he is now entitled to release from further confinement by virtue of his conviction in said Cause No. 69282, it is so ordered.

DOUGLAS, J., not participating.

6. See Footnote No. 5.

7. Where an inmate of the Texas Department of Corrections utilizes a post conviction application for habeas corpus *solely* for the purpose of securing credit for the time he has spent or lain in jail

pending appeal, the granting of such time by the trial court will render moot the post conviction application based upon that single ground and the trial court may then decline to entertain the same. See Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.