Rodrigo G. VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 45371.

Court of Criminal Appeals of Texas.

May 17, 1972.

Mayo J. Galindo, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Keith W. Burris, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault. The pun-

ishment was assessed by the court at 8 years.

■ By his first ground of error appellant contends that he was not properly admonished of the consequences of his plea of guilty as required by Article 26.13, Vernon's Ann.C.C.P.[1]

Article 1408, Vernon's Ann.P.C., fixes the punishment for robbery by assault at "confinement in the penitentiary for life, or for a term of not less than five years."

The court admonished the appellant that the punishment for such offense is: " . . . any term in the penitentiary not less than five years . . ."; thus, omitting "life" as a possible punishment. Other than this omission, the admonishment met the requirements of Article 26.13, supra.

We conclude that the admonishment in the instant case was error, but hold that it was harmless error. Clearly, the admonishment was sufficient to inform appellant that the consequences of his plea could include a sentence of any term in excess of five years. The omission in the admonishment could not have misled him to his detriment.

Ground of error number one is overruled.

■ Appellant's second ground of error alleges:

"The sufficiency of the evidence to support the Defendant's plea of guilty, inasmuch as a conviction cannot stand absent the Defendant's judicial confession,

which, on its face, shows that it was not obtained voluntarily and in compliance with Miranda v. Arizona." [2]

A Miranda warning is not applicable to a judicial confession.

The judicial confession was admitted into evidence and is sufficient under the requirements of Article 1.15, V.A.C.C.P., to support the conviction. E. g., Rose v. State, 465 S.W.2d 147 (Tex.Cr.App.)

Ground of error number two is overruled.

■ By his third ground of error, appellant complains of the court's error in not giving him credit for the time he spent in confinement prior to sentence. While the appellant used the term "good time" instead of "jail time" in his ground of error, it is obvious from the authorities cited that he used the terms synonymously. The state recognizes this in its brief. Appellant's complaint stems from the fact that when the court orally pronounced sentence, it stated that "such sentence is to date from the date you were first placed in custody." [3] When the formal sentence was entered, no such credit was accorded. The failure to grant such pre-sentence credit may have resulted from an oversight or omission. The appellant complains that the "credit" was withdrawn after he gave notice of appeal, and the state's brief hints that this may be true. The record before this court now does not support such a conclusion.

■ If the failure to credit the appellant for the time spent in confinement

---

1. Article 26.13, V.A.C.C.P., provides: "If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 684 (1966).

3. Trial judges should note that a sentence is never dated back, but the defendant is given credit from the date of confinement to the date of the sentence and such specific credit should be written into the formal sentence. See Ex parte Griffith, 457 S.W.2d 60 (Tex.Cr.App.1970) ; Attorney General's Opinion No. C–234 (March 31, 1964).

prior to sentence was an oversight or omission, the sentence may be corrected by nunc pro tunc proceedings in the trial court following receipt of the mandate of this court.

If "credit" for appellant's pre-sentence confinement was withdrawn because he gave notice of appeal, then a serious question may well be involved.

■ A defendant who appeals his conviction has a constitutional right to credit on his sentence for the time spent in jail pending the appeal. See Ex parte Griffith, 457 S.W.2d 60 (Tex.Cr.App.1970); Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Such rule does not affect the discretion vested in the trial court as to credit for time served prior to sentence. See Ex parte Griffith, supra; Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970). As noted in footnote #3, p. 65, of Ex parte Griffith, supra,

"... It is conceivable, however, that trial judge's discretion as to granting credit for pre-sentence custody could be employed in such a manner as to deter an accused's right of appeal. If it is, then a constitutional question may well be presented."

In Robinson v. Beto, supra, the court said:

"Due process requires that a state, once it establishes avenues of appellate review, must keep those avenues free of unreasoned distinctions that impede open and equal access to the courts. North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. A defendant's right of appeal must be free and unfettered. Id. ..."

If the trial court sought to "chill" appellant's right of appeal by withdrawing pre-sentence credit previously granted, then a serious constitutional question is presented. As noted earlier, the record presently before this court does not support such a conclusion.

Ground of error number three is overruled.

■ As to appellant's fourth contention that in addition to straight pre-sentence credit on his sentence he should have been given certain "good time" credit on his sentence at the time sentence was imposed, we adhere to the decision reached in State ex rel. Vance v. Clawson, 465 S.W.2d 164 (Tex.Cr.App.1971). We are aware of two lower federal courts' decisions to the contrary but this court is not bound thereby. Pruitt v. State, 476 S.W.2d 693 (Tex.Cr. App.1972).

Ground of error number four is overruled.

■ Ground of error number five asserts that the trial court did not intelligently advise appellant of his "allocution rights" under Article 42.07, V.A.C.C.P.

We note that the sentence herein states: "... the said defendant was asked by the court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof."

Ground of error number five is overruled.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

I would disassociate myself from any inference in the majority's opinion that an insufficient admonishment as to the consequences of a plea under Article 26.13, Vernon's Ann.C.C.P., may be harmless error if the omission could not have misled the accused to his detriment.

"This Court has consistently held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the

validity of a plea of guilty and that such question may be raised at any time." (cases cited omitted) Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971).

The "consequences of the plea," as used in the statute, has been interpreted as meaning the punishment provided by law for the offense and the punishment which could be inflicted under his plea. Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956).

Only recently in Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App.1971), this court said that the requirement that a court advise a defendant as to the range of punishment is mandatory and failure to do so requires reversal.

Further, it is clear that the statutory admonishment must be made manifest of record and the admonishment cannot be supplied by inference, intendment, or presumption. Ex parte Battenfield, supra.

A recital in the judgment substantially in the language of the statute presumptively establishes that the statutory duty was performed and renders the judgment valid unless the contrary is shown by the record. McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945 (1960); Ex parte Battenfield, supra.

The judges of this court have not always agreed as to what constitutes a showing to the contrary. See Ex parte Battenfield, supra, and cases there cited.

In the instant case, the formal judgment reflects that the appellant was duly admonished of the consequences of his plea. Does the record reflect the contrary?

When arraigned, the appellant entered a plea of not guilty. At his trial before a jury, he entered a plea of not guilty. The voir dire examination of the jury panel is not in the record before us. After the testimony of two witnesses for the State, the appellant withdrew his earlier plea and entered a guilty plea before the court, waiving trial by jury.

The docket sheet, consistent with the judgment, reflects that at this point, the court duly admonished the appellant of the consequences of his plea. The transcription of the court reporter's notes reflects that the court admonished the appellant that the punishment for robbery by assault was for ". . . any term in the penitentiary not less than five years."

Article 1408, Vernon's Ann.P.C., provides the penalty for such offense to be ". . . confinement in the penitentiary for life, or for a term of not less than five years; . . ." Such statute also provides that when a firearm or other deadly weapon is used or exhibited in the commission of the offense of robbery, ". . . the punishment shall be death or by confinement in the penitentiary for any term not less than five years." Thus, life is a possible penalty for robbery by assault, but not robbery by assault with a firearm or other deadly weapon. This frequently caused confusion. Just why the Legislature made such a distinction is not clear.

Further, it is noted that a life sentence is not includable within a statute providing for punishment "for any term of years without prescribing a maximum penalty." See Ex parte Davis, 412 S.W.2d 46 (Tex.Cr.App.1967); Ex parte Balas, 412 S.W.2d 53 (Tex.Cr.App.1967).

In the instant case, I would hold that the presumption established by the recital in the judgment was not sufficiently overcome by a showing in the record to the contrary as to call for reversal when given the particular circumstances presented.

Trial judges would be well advised to keep a proper list of penalties on the bench so as to avoid any error in admonishment.

I fully agree that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has no application to a judicial confession made in open court and the judicial confession in the instant case, standing alone, was sufficient to satisfy the requirements of the statute.

For the reasons stated, I concur.