**Robert Earl MADDUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53430.**

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Sanford B. Kahn, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Kenneth W. Sparks, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction for burglary of a habitation with the intention to commit theft. Punishment was assessed at five years. The trial was before the court on a plea of guilty. The sufficiency of the evidence is not challenged.

The indictment contained two counts. In the first count, appellant was charged with having committed burglary of the habitation of Odell Hudson on August 29, 1974, with the intent to commit theft. V.T.C.A. Penal Code, Sec. 31.03(a)(1) and (d)(1). In the second count he was charged with theft of property of Odell Hudson of the value of over two hundred dollars and under ten thousand dollars on August 29, 1974. V.T.C.A. Penal Code, Sec. 31.03(a)(2) and (d)(4)(A). The record reflects that prior to the trial the second count was dismissed by the State, and the case was tried only on the first count.

Appellant's sole ground of error reads: "The attorney for the State of Texas, in threatening to reindict Appellant under

count two of the indictment if Appellant prosecuted an appeal from the judgment and sentence herein, violated Appellant's rights of due process afforded him under the United States Constitution, Amendments Five and Fourteen."

The record reflects that on May 22, 1975, at the completion of the trial, the court "upon recommendation of Prosecution" assessed "a minimum term of five years." Appellant did not waive the ten day period for sentencing, but filed a motion for new trial. This motion was overruled on June 13, and on that date the court pronounced sentence, and advised appellant of his right to appeal. Notice of appeal was given by counsel for appellant. Thereupon, after giving notice of appeal, the following colloquy occurred:

MR. KAHN (Counsel for appellant):

". . . Furthermore, I would like to put in the record that the Assistant District Attorney, Kenneth Sparks, conveyed to prior to this time that when Mr. Maddux placed this case on appeal, in order to deter Mr. Maddux, he stated that he would attempt to reindict Mr. Maddux on a charge resulting from the same act which he is now appealing.

"MR. SPARKS [State]: Could I reply to that for the record, Your Honor?

"THE COURT: Yes, sir.

"MR. SPARKS: At the time we entered the agreement, I agreed to waive the theft count, he would go to the Texas Department of Corrections and serve his sentence, and there would be no appeal at this time. Mr. Maddux has breached his agreement. He has breached the agreement as I received it and I understood it at that time, and only because he has breached and is appealing the plea of guilty am I re-filing the theft case.

"MR. KAHN: May I reply, Your Honor?

"THE COURT: Proceed.

"MR. KAHN: It is my knowledge that such an agreement was not pursuant to anything relating to the appeal. The agreement as I understood it related to the five-year sentence as to the burglary count, and he would waive the indictment

on the theft. There was nothing said in reference to breaching the agreement by binding Mr. Maddux not to appeal in either of these cases. Mr. Maddux has the right to appeal if he desires to.

"THE COURT: It will be for the Court of Criminal Appeals to determine this.

"You are remanded to the custody of the Sheriff."

In *Fisher v. State*, Tex.Cr.App., 511 S.W.2d 506, we said:

"The United States Supreme Court has held that penalizing the exercise of a statutory right of appeal is a violation of due process. States cannot put a 'price' on an appeal—the exercise of the right of appeal must be 'free and unfettered.' *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)."

See also *Cleveland v. State*, Tex.Cr.App., 507 S.W.2d 769; *Colburn v. State*, Tex.Cr. App., 501 S.W.2d 680; *Valdez v. State*, Tex. Cr.App., 479 S.W.2d 927.

However, there is nothing in the record which indicates in any way that the exercise of appellant's right to appeal has been penalized or "chilled." He has exercised that right, and the appeal is now before this Court for our consideration and disposition. The record reflects that he was given credit for all time spent in custody. Cf. *Fisher v. State*, supra. No extra punishment was assessed because of his exercise of his right of appeal. Cf. *Colburn v. State*, supra; *Cleveland v. State*, supra. The record does not indicate that the State has sought to prosecute appellant further on the theft charge.

In the instant case, appellant has appealed, and his appeal is not restricted in any way by any alleged breach of agreement by either party. The instant appeal is not the proper place to challenge the State's right, if any, to refile the theft charge against appellant.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.