# NO. 12-16-00176-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARQUIS WILLOUGHBY,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marquis Willoughby appeals his conviction for aggravated robbery. Appellant argues that the trial court erred by failing to give him credit for his full amount of presentence jail time. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and the trial court deferred a finding of guilt and placed him on community supervision for a term of ten years.

Subsequently, the State filed an application to proceed to final adjudication. Appellant pleaded "true" to one allegation and "not true" to four others. After giving both parties an opportunity to present evidence and arguments, the trial court granted the application, revoked Appellant's community supervision, and assessed his punishment at imprisonment for thirty-five years. This appeal followed.

## TIME SERVED CREDIT

Appellant argues that the trial court erred by failing to credit him with his full amount of presentence jail time. In all criminal cases, the trial court is required to give the defendant credit

on his sentence for his presentence jail time. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West Supp. 2016). In this case, the trial court orally pronounced that credit for time served was granted. The trial court's judgment credits Appellant with 204 days. Appellant argues that the record shows he is entitled to credit for 605 days, and that we should modify the judgment accordingly.

In support of his argument, Appellant directs us to a document in the district clerk's record titled "Written Plea Admonishments and Stipulation of Evidence." In the margin of that document is a handwritten notation stating the following:

> Time Credit =  7/4/14—11/7/14
> 10/9/15—11/12/15
> 2/10/15—present

The document was signed by Appellant, his counsel, and the trial judge on April 27, 2016, the date Appellant was sentenced. Appellant calculates his time served as 127 days, 35 days, and 443 days, for a total of 605 days. But the second and third time periods in the notation overlap, giving Appellant credit twice for the period of October 9, 2015 through November 12, 2015. Therefore, even assuming a handwritten time credit notation is sufficient evidence of presentence jail time, it is not sufficient here because the notation is inaccurate.

The State contends that the record does not establish that the time credited to Appellant in the judgment is incorrect, and suggests that a motion for judgment nunc pro tunc is the appropriate means of challenging his jail time credit rather than this direct appeal. We agree. When a defendant has been denied presentence jail time credit, the preferred practice is for the trial court to enter a nunc pro tunc order authorizing credit for the appropriate time. *Ex parte Evans*, 964 S.W.2d 643, 646 n.2 (Tex. Crim. App. 1998). If Appellant's presentence jail time credit is inaccurate because of an oversight or omission, his sentence may be corrected by nunc pro tunc proceedings in the trial court following receipt of the mandate of this court. *Valdez v. State*, 479 S.W.2d 927, 928-29 (Tex. Crim. App. 1972).

In arguing that we should reform his judgment, Appellant cites caselaw for the proposition that we have the authority to reform a judgment when we have before us the information necessary to do so. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

However, we do not have before us the information necessary to reform the judgment in this case. Accordingly, we overrule Appellant's sole issue.

## **DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered July 19, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 19, 2017**

**NO. 12-16-00176-CR**

**MARQUIS WILLOUGHBY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1163-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*