

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00273-CR

**DANIEL BENITO GUAJARDO,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-1908-C2

## OPINION

Daniel Guajardo appeals from a conviction for possession of a controlled substance with the intent to deliver of four grams or more but less than 200 grams, a first degree felony. TEX. HEALTH & SAFETY CODE ANN. §481.112(d). Based on two prior convictions, Guajardo was sentenced to 99 years in prison as a habitual offender. TEX. PENAL CODE ANN. §12.42(d). Guajardo complains that the evidence was insufficient for the jury to have found that the first conviction was final prior to the commission of the second offense and that the judgment erroneously states that he pled true to the

enhancement allegations. Because we find that the evidence as to the finality of the first enhancement paragraph prior to the commission of the second offense is insufficient, we reverse the judgment and remand for a new trial on punishment only.

**PENAL CODE SECTION 12.42(d)**

In his first issue, Guajardo complains that the evidence was insufficient for the jury to have found that his first conviction was final prior to the commission of the second offense. Guajardo was put on probation in 2003 for a felony offense in California, which was either revoked or ended on December 14, 2004. The indictment in the second offense in California shows that the second offense was committed on or about December 30, 2003.

In order to enhance punishment as a habitual offender, the first conviction must be final at the time of the commission of the second offense. *See* TEX. PENAL CODE ANN. §12.42(d). "[A] conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted." *Ex Parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018) (internal citations omitted). In this proceeding, the evidence showed that Guajardo was placed on probation for the first offense which was not completed at the time that the second offense was committed. Because of this, we find that the evidence was insufficient for Guajardo to have been sentenced as a habitual offender pursuant to Section 12.42(d).[1]

---

[1] There are no other convictions upon which the enhancements would be proper shown in the record.

The State concedes that the evidence did not show that the first conviction was final prior to the commission of the second offense. However, the State argues that even though Guajardo raised this issue as a challenge to the sufficiency of the evidence, we should not consider it as argued but reform his issue as a complaint regarding the jury charge. It is possible to frame this issue as a challenge to the jury charge that submits an erroneous instruction regarding the range of punishment; however, this is not the complaint made by Guajardo and we will not address this issue in a manner that the appellant has not raised.

The State had the burden to prove beyond a reasonable doubt that the second offense was committed after the first conviction became final. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008). Where the State fails to meet this burden, "[a] harmless error analysis should not be undertaken" and the case should be remanded for a new punishment hearing. *Id.*

Although the State concedes that the sentence could not properly be enhanced based on two prior sequential convictions pursuant to the evidence, the State contends that we should not follow *Jordan*, but rather that we should conduct a harm analysis and find that the error was harmless because the error only affected the minimum available punishment range—raising it from fifteen to twenty-five years' imprisonment—and did not impact the maximum punishment at all. *See* Tex. Penal Code Ann. §§ 12.42(b), (d). Because the jury sentenced Guajardo to ninety-nine years' imprisonment—the same

maximum punishment available under his indictment even without the first or second conviction—the State contends any error as to the minimum available punishment had no effect on the jury's deliberations and was harmless. *Cf. Jordan*, 256 S.W.3d at 295 (Keller, P.J., dissenting) (stating that harmlessness of evidentiary insufficiency as to enhancement allegation seemed apparent because jury assessed ninety-nine years' imprisonment, which was top of punishment range).

The State contends that more recent opinions of the Court of Criminal Appeals cast doubt on the propriety and necessity of a harm analysis. *See Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017) (plurality op.) (in the absence of structural error, appellate courts should not automatically foreclose application of the harmless error test); *Schmutz v. State*, 440 S.W.3d 29, (Tex. Crim. App. 2014) (same). We agree with the State that more recent decisions of the Court of Criminal Appeals might be construed to cast doubt on the holding in *Jordan* that a harm analysis is not necessary. However, the Court of Criminal Appeals' holding in *Jordan* is still binding precedent regarding this issue and as an intermediate court, we are required to follow it. *See State of Texas ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971).

However, even if we were to conclude that this type of error is subject to a harm analysis, the Court of Criminal Appeals also determined in *Jordan* that the State's failure to meet its burden of proof as to this issue "can never be deemed harmless." *Jordan*, 256 S.W.3d at 293 (noting that "the jury's unsupported finding of true to the second

enhancement allegation could very well have generated an inherent, institutional pressure to impose a greater sentence" and that "the legislative purpose behind the habitual felony-enhancement statute is to punish more harshly persons who repeatedly commit crimes").  Because of this, reversal would also be required.

Having found that the evidence is insufficient to support the finding that the offense in the second enhancement occurred after the first conviction became final for purposes of enhancing Guajardo's punishment as a matter of law, we reverse the punishment portion of the trial court's judgment and remand for a new punishment trial. *See* TEX. CRIM. PROC. CODE art. 44.29(b); *Jordan*, 256 S.W.3d at 289-93.  Guajardo's first issue is sustained. Because we have found that Guajardo is entitled to a new trial on punishment, we do not reach his second issue regarding the error in the judgment, which would ostensibly be corrected in the new judgment after the new trial on punishment.

CONCLUSION

Having found that the evidence was insufficient regarding the two convictions necessary for enhancement of Guajardo's punishment as a habitual offender pursuant to Section 12.42(d), we reverse the judgment and remand this proceeding for a new trial on punishment only.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
(Justice Neill concurring with an opinion)
Reversed and remanded
Opinion delivered and filed August 10, 2020
Publish
[CRPM]

