

# NUMBER 13-22-00117-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHARLES EDWARD HOLLINS,                                     Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 25th District Court
## of Lavaca County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Chief Justice Contreras

A jury convicted appellant Charles Edward Hollins of unlawful possession of a firearm by a convicted felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(e). The indictment included two enhancement paragraphs, increasing the potential punishment range to that of a first-degree felony. *See id.* § 12.42(d). Appellant elected for

the trial court to assess punishment. The trial court found the enhancement paragraphs "true" and sentenced appellant to thirty-five years' incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice. By two issues on appeal, appellant argues that: (1) "the trial court erred in failing to charge the jury that no adverse inferences should be drawn from appellant's failure to testify"; and (2) clerical errors in the judgment exist that "should be corrected." We modify the trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b).

## I. BACKGROUND

Trial commenced on January 25, 2022. Officer Byron Powe of the Hallettsville Police Department testified that on June 10, 2021, he initiated a traffic stop of appellant's vehicle after a scan of the vehicle's license plate indicated its owner, appellant, had an active warrant for his arrest. Officer Powe approached appellant's vehicle and asked for appellant's license. After he detected the scent of marijuana originating from appellant's vehicle, Officer Powe requested that appellant exit his vehicle. Officer Powe's body camera footage was admitted at trial and shows appellant complying with Officer Powe's requests. Officer Powe asked appellant if he had any weapons on him, and appellant replied that he possessed a firearm. Officer Powe placed appellant in handcuffs, removed a loaded handgun from appellant's right pocket, and detained appellant pending confirmation of the arrest warrant. While running appellant's information through dispatch, Officer Powe asked appellant, "Are you allowed to have a gun? Are you a convicted felon or anything like that?" Appellant answered, "Convicted felon." Officer Powe then formally

2

placed appellant under arrest.

Following Officer Powe's testimony, the trial court read a stipulation of evidence into the record, in which appellant stipulated to a prior felony conviction in August 2006. The State then rested its case. A jury charge conference was held, and neither side objected to the jury instructions. The jury deliberated and found appellant guilty of unlawful possession of a firearm by a convicted felon. The trial court set the punishment phase of trial for March 11, 2022, to allow time for the community supervision department to prepare a presentence investigation report.

On March 11, 2022, the trial court began the punishment phase of trial, found the enhancement paragraphs in the indictment to be true, and sentenced appellant as described above. Appellant filed a motion for new trial on March 23, 2022, which the trial court denied eight days later. This appeal followed.

## II. "NO ADVERSE INFERENCE" JURY CHARGE

By his first issue, appellant contends that the trial court erred by failing to instruct the jury that "they could make no adverse inferences from appellant's failure to testify." Acknowledging that his trial attorney never requested such an instruction and "that current case law holds that failure to request such an instruction results in no error when it is omitted from the jury charge," appellant nonetheless "asserts that because the Fifth Amendment right against self-incrimination is a basic constitutional right, a charge instructing the jury not to make an adverse inference in a case where the defendant does not testify[] should be automatic." Accordingly, appellant requests that this Court "revisit

3

this area of the law and rule that such an instruction is mandatory unless affirmatively waived by defense counsel."

## A.     Standard of Review & Applicable Law

A trial court is required to give the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE. CRIM. PROC. ANN. art. 36.14. In reviewing a challenge to a jury charge, we first determine if the jury charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If error is found, we then "analyze the harm resulting from the error" to determine if a reversal is required. *Id.* When alleged charge error is not preserved at trial, as here, any error will result in reversal only upon a showing of "egregious harm" to the appellant. *Id*. But "[b]efore a harm analysis there must be error." *Michaelwicz v. State*, 186 S.W.3d 601, 622 (Tex. App.—Austin 2006, pet. ref'd).

"Upon request from a defendant, a trial judge must instruct jurors that they may not draw any adverse inference from a defendant's failure to testify." *Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989) (citing *Carter v. Kentucky*, 450 U.S. 288, 305 (1981) ("The freedom of a defendant in a criminal trial to remain silent 'unless he chooses to speak in the unfettered exercise of his own will' is guaranteed by the Fifth Amendment and made applicable to state criminal proceedings through the Fourteenth. And the Constitution further guarantees that no adverse inferences are to be drawn from the exercise of that privilege." (cleaned up))); *see Michaelwicz*, 186 S.W.3d at 622; *see also Solis v. State*, No. 13-97-462-CR, 2000 WL 34249402, at *2 (Tex. App.—Corpus Christi–Edinburg May 25, 2000, no pet.) (mem. op., not designated for publication) ("A criminal

4

defendant is entitled to have the jury instructed to disregard his failure to testify, provided the defendant requests such an instruction or objects to its omission."). Absent such a request or objection, "the failure to include a no-adverse-inference instruction is not jury charge error." *Duke v. State*, 365 S.W.3d 722, 727 (Tex. App.—Texarkana 2012, pet. ref'd); *see Michaelwicz*, 186 S.W.3d at 624; *see also Foster v. State*, No. 11-21-00175-CR, 2022 WL 5237134, at *3 (Tex. App.—Eastland Oct. 6, 2022, pet. ref'd) (mem. op., not designated for publication); *King v. State*, No. 09-18-00196-CR, 2019 WL 5406433, at *7 (Tex. App.—Beaumont Oct. 23, 2019, no pet.) (mem. op., not designated for publication); *Cox v. State*, No. 12-15-00228-CR, 2016 WL 4538610, at *1 (Tex. App.—Tyler Aug. 31, 2016, no pet.) (mem. op., not designated for publication); *Ramirez v. State*, No. 13-05-785-CR, 2009 WL 1567340, at *15 (Tex. App.—Corpus Christi–Edinburg Jan. 22, 2009, pet. ref'd) (mem. op., not designated for publication).

## B.    Analysis

Appellant acknowledges that he failed to request a "no adverse inference" jury instruction or object to the instruction's absence. And, indeed, appellant concedes that under current case law the trial court did not err by failing to so instruct the jury. We agree with appellant's assessment of current case law, *see Beathard*, 767 S.W.2d at 432; *Duke*, 365 S.W.3d at 727; *Michaelwicz*, 186 S.W.3d at 624; *see also Ramirez*, 2009 WL 1567340, at *15; *Solis*, 2000 WL 34249402, at *2, and lack the authority to "revisit" or amend that law. *See* TEX. CONST. art. V, § 5(a) ("The Court of Criminal Appeals shall have final appellate jurisdiction . . . , and its determinations shall be final, in all criminal cases

of whatever grade . . . ."); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) ("It is axiomatic that a Court of Appeals has no power to 'overrule or circumvent [the] decisions, or disobey [the] mandates,' of the Court of Criminal Appeals." (quoting *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971)). Accordingly, finding no error in the jury charge, we overrule appellant's first issue. *See* TEX. CODE. CRIM. PROC. ANN. art. 36.14; *Carter*, 450 U.S. at 305; *Price*, 457 S.W.3d at 440; *Beathard*, 767 S.W.2d at 432; *Michaelwicz*, 186 S.W.3d at 622.

### III.    JUDGMENT MODIFICATION

By his second issue, appellant argues that the judgment contains clerical errors that require correction. Specifically, he contends that the judgment improperly lists "N/A" under "Findings on 1st Enhancement Paragraph" and "Findings on 2nd Enhancement Paragraph" when, in fact, the trial court found "true" the enhancement paragraphs in the indictment.

We have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). There is no dispute that the trial court found that the enhancement paragraphs in the indictment were true. Accordingly, we modify the judgment as follows:

1.  We delete "N/A" following "Finding on 1st Enhancement Paragraph" and insert "True"; and

2.  We delete "N/A" following "Finding on 2nd Enhancement Paragraph" and insert

"True."

We sustain appellant's second issue on appeal.

## IV.     CONCLUSION

We modify the trial court's judgment as stated above and affirm the trial court's

judgment as modified.


DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of May, 2023.