COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-365-CR

 

 

BRANDON DAVIS                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

          FROM CRIMINAL
DISTRICT COURT NO. 3 TARRANT COUNTY

 

                                              ------------

 

                                                    

 MEMORANDUM OPINION[1] ON APPELLANT=S PETITION FOR
DISCRETIONARY REVIEW

 

------------

After
reviewing Appellant=s petition for discretionary
review, we modify our opinion and judgment in this appeal.  See Tex.
R. App. P. 50.  We withdraw our
November 10, 2005  memorandum opinion and
judgment and substitute the following.








Appellant
Brandon Davis appeals his conviction for capital murder.  After the State waived the death penalty, the
jury found him guilty, and the trial court assessed the mandatory punishment of
confinement for life.  In his first
point, Appellant claims that the evidence is factually insufficient to support
his conviction because no rational juror could find beyond a reasonable doubt
that the shooter intentionally caused the complainant=s
death.  In his second point, Appellant
asserts that the standard of review on factual insufficiency issues needs
further modification.  We affirm.

BACKGROUND








On July
20, 2003, Appellant and three friends participated in an armed robbery on ice
cream vendor James Dutton outside the Texas Style Chicken and Seafood
restaurant in Fort Worth, Tarrant County, Texas.  A video camera inside the restaurant captured
images of several African-American males lingering around the restaurant as
Dutton ordered food.  Steve Anger
testified that he noticed the same men milling around outside at the trash
dumpster. From his vantage point, Anger watched the men approach Dutton as he
was entering his ice cream van and heard their demand for money.  When Dutton refused to hand over his money,
one of the men shot him and he died almost instantaneously.  The record contains some evidence that Dutton
may have honked the van=s horn immediately before the
fatal shot was fired.  The videotape
captured the men approaching Dutton in his van, but does not provide a clear
view of the shooter or how the gun was wielded during the robbery.  Juan Montes, an employee at the restaurant,
testified that he saw the gun pointed at Dutton=s
ear.  After the shooting, Appellant and
his accomplices fled the restaurant parking lot.

Within a
day or two of Dutton=s death, Appellant visited Wannetta
Jackson and informed her that he had participated in the armed robbery,
acknowledged that he had shot Dutton, and informed her of his intent to flee to
Louisiana.  In a written statement he
gave police, Appellant admitted that he participated in the armed robbery with
Juwan Love, James Love, and Clarence Pearson, but he claimed that Pearson had
actually held the firearm during the robbery and shot Dutton.  Juwan Love and James Love were indirectly
related to Appellant as the brothers of his baby=s
mother.  In a photo array, Anger
identified Pearson as the person who stood next to the shooter. The jury was
instructed under the law of the parties[2]
and convicted Appellant of capital murder.

DISCUSSION








In his
first point, Appellant complains that the evidence is factually insufficient to
show the shooter intentionally caused Dutton=s
death.  He argues that firing the gun
would amount to criminally negligent or reckless behavior, rather than
intentional conduct.  Appellant further
argues that even if the shooter engaged in the conduct knowingly, that conduct
would not amount to capital murder, because capital murder requires intentional
conduct. 

The
State argues that when the record is reviewed neutrally, the review reveals the
presence of sufficient evidence such that it cannot be said that Appellant=s
capital murder conviction constitutes a manifest injustice or a conclusion that
was obviously the result of bias, prejudice, irrationality, or some other
improper peculiarity on the part of the jurors who constituted Appellant=s
jury.  The State also argues that the
review of the record in a neutral light fails to reveal the presence of any
evidence therein that outweighs the evidence supporting Appellant=s
capital murder conviction.  Finally, the
State maintains that the neutral review of the record fails to reveal anything
from which it can fairly and accurately be said that the jury could not
rationally have found Appellant guilty beyond a reasonable doubt of capital
murder based on all the evidence adduced. 

1.
Standard of Review








In
reviewing the factual sufficiency of the evidence to support a conviction, we
are to view all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 

In
performing a factual sufficiency review, we are to give deference to the fact
finder=s
determinations, including determinations involving the credibility and demeanor
of witnesses.  Id. at 481; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper
factual sufficiency review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

2.
Factual Sufficiency

The jury
may infer the intent to kill from the use of a deadly weapon unless it would
not be reasonable to infer that death or serious bodily injury could result
from the use of the weapon.  Ross v.
State, 861 S.W.2d 870, 873 (Tex. Crim. App. 1992) (op. on reh=g).  The penal code defines deadly weapon to
include firearms.  Tex. Penal Code Ann. '
1.07(a)(17)(A) (Vernon Supp. 2005). 

In the
instant case, the evidence confirmed the gun was a deadly weapon in the manner
of its use.  See id. '
1.07(a)(17)(B).  The record reflects that
Appellant and his accomplices had planned a robbery earlier that day and
brought a loaded gun to effectuate it. 
Juan Montes, an employee of the restaurant, testified that the gun was
placed up against Dutton=s ear.  The medical examiner testified that Dutton
died as a result of a single gunshot wound to the anterior neck and chest.  Jackson testified that Appellant told her
that he was the one who shot Dutton and he intended to flee to Louisiana. 








Appellant
maintains that the shooting was unintentional, claiming that the honking of the
horn likely startled the shooter and caused him to panic and shoot wildly.  He further contends that the fact that there
was a demand for money indicates that the objective of the robbery was not to
shoot Dutton, asserting that demanding money is pointless if the objective is
to shoot a person and take his money.  In
arguing that the shooting of the gun can be characterized as reckless behavior
in this case, Appellant points to the fact that he is a teenager, urging to the
court that teenagers are prone to reckless thinking and conduct.  Appellant stated in his confession that he
assumed that Pearson fired the gun because he was scared. 

Due
deference must be accorded to the jury regarding the weight and credibility of
the witnesses.  Zuniga, 144 S.W.3d
at 481.  A juror could infer that either
Appellant or one of his three accomplices formed the intent to kill from the
use of a deadly weapon because it would be reasonable to infer that death or
serious bodily injury could result from the use of the weapon.  See Ross, 861 S.W.2d at 873.  Therefore, considering the evidence in a
neutral light, we hold that the jury was rationally justified in finding guilt
beyond a reasonable doubt.  See Zuniga,
144 S.W.3d at 484.  Accordingly, we
overrule Appellant=s first point. 

3.  Modification of the Zuniga Standard








Appellant
contends that the post-Zuniga standard of review on factual sufficiency
review needs to be modified.  As an
intermediate appellate court, we are bound to follow the decisions of the court
of criminal appeals.  See State
ex rel. Vance v. Clawson, 465 S.W.2d 164, 168 (Tex. Crim. App.), cert.
denied, 404 U.S. 910 (1971); Wiley v. State, 112 S.W.3d 173, 175
(Tex. App.CFort Worth 2003, pet. ref=d).[3]  We must apply the standard of review as set
forth by the court of criminal appeals; therefore, Appellant=s second
point is overruled.  

CONCLUSION

Having
overruled Appellant=s two points, we affirm the
trial court=s judgment.

PER
CURIAM

PANEL F:  HOLMAN, WALKER, and McCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 12,
2006











[1]See Tex.
R. App. P.
47.4.





[2]See Tex.
Penal Code Ann.
' 7.02 (Vernon 2003).





[3]See also Wynn v. State, No. 2-04-394-CR, 2005
WL 1542674 at *2-3 (Tex. App.CFort Worth June 30, 2005, no pet.) (not designated
for publication) (rejecting same argument as in the instant case); Thompson
v. State, No. 2-03-342-CR, 2004 WL 2365065, at *3 (Tex. App.CFort Worth Oct. 21, 2004,
pet. ref=d) (not designated for
publication) (rejecting same argument as in the instant case).