DAVIS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-365-CR

BRANDON DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 TARRANT COUNTY

------------

 MEMORANDUM OPINION
(footnote: 1) ON APPELLANT
’S PETITION FOR DISCRETIONARY REVIEW

------------

After reviewing Appellant’s petition for discretionary review, we modify our opinion and judgment in this appeal.  
See
 
Tex. R. App. P.
 50.  We withdraw our November 10, 2005  memorandum opinion and judgment and substitute the following.

Appellant Brandon Davis appeals his conviction for capital murder.  After the State waived the death penalty, the jury found him guilty, and the trial court assessed the mandatory punishment of confinement for life.  In his first point, Appellant claims that the evidence is factually insufficient to support his conviction because no rational juror could find beyond a reasonable doubt that the shooter intentionally caused the complainant’s death.  In his second point, Appellant asserts that the standard of review on factual insufficiency issues needs further modification.  We affirm.

BACKGROUND

On July 20, 2003, Appellant and three friends participated in an armed robbery on ice cream vendor James Dutton outside the Texas Style Chicken and Seafood restaurant in Fort Worth, Tarrant County, Texas.  A video camera inside the restaurant captured images of several African-American males lingering around the restaurant as Dutton ordered food.  Steve Anger testified that he noticed the same men milling around outside at the trash dumpster. From his vantage point, Anger watched the men approach Dutton as he was entering his ice cream van and heard their demand for money.  When Dutton refused to hand over his money, one of the men shot him and he died almost instantaneously.  The record contains some evidence that Dutton may have honked the van’s horn immediately before the fatal shot was fired.  The videotape captured the men approaching Dutton in his van, but does not provide a clear view of the shooter or how the gun was wielded during the robbery.  Juan Montes, an employee at the restaurant, testified that he saw the gun pointed at Dutton’s ear.  After the shooting, Appellant and his accomplices fled the restaurant parking lot.

Within a day or two of Dutton’s death, Appellant visited Wannetta Jackson and informed her that he had participated in the armed robbery, acknowledged that he had shot Dutton, and informed her of his intent to flee to Louisiana.  In a written statement he gave police, Appellant admitted that he participated in the armed robbery with Juwan Love, James Love, and Clarence Pearson, but he claimed that Pearson had actually held the firearm during the robbery and shot Dutton.  Juwan Love and James Love were indirectly related to Appellant as the brothers of his baby’s mother.  In a photo array, Anger identified Pearson as the person who stood next to the shooter. The jury was instructed under the law of the parties
(footnote: 2) and convicted Appellant of capital murder.

DISCUSSION

In his first point, Appellant complains that the evidence is factually insufficient to show the shooter intentionally caused Dutton’s death.  He argues that firing the gun would amount to criminally negligent or reckless behavior, rather than intentional conduct.  Appellant further argues that even if the shooter engaged in the conduct knowingly, that conduct would not amount to capital murder, because capital murder requires intentional conduct. 

The State argues that when the record is reviewed neutrally, the review reveals the presence of sufficient evidence such that it cannot be said that Appellant’s capital murder conviction constitutes a manifest injustice or a conclusion that was obviously the result of bias, prejudice, irrationality, or some other improper peculiarity on the part of the jurors who constituted Appellant’s jury.  The State also argues that the review of the record in a neutral light fails to reveal the presence of any evidence therein that outweighs the evidence supporting Appellant’s capital murder conviction.  Finally, the State maintains that the neutral review of the record fails to reveal anything from which it can fairly and accurately be said that the jury could not rationally have found Appellant guilty beyond a reasonable doubt of capital murder based on all the evidence adduced. 

1. Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2. Factual Sufficiency

The jury may infer the intent to kill from the use of a deadly weapon unless it would not be reasonable to infer that death or serious bodily injury could result from the use of the weapon.  
Ross v. State
, 861 S.W.2d 870, 873 (Tex. Crim. App. 1992) (op. on reh’g).  The penal code defines deadly weapon to include firearms.
  Tex. Penal Code Ann.
 § 1.07(a)(17)(A) (Vernon Supp. 2005). 

In the instant case, the evidence confirmed the gun was a deadly weapon in the manner of its use.  
See id.
 § 1.07(a)(17)(B).  The record reflects that Appellant and his accomplices had planned a robbery earlier that day and brought a loaded gun to effectuate it.  Juan Montes, an employee of the restaurant, testified that the gun was placed up against Dutton’s ear.  The medical examiner testified that Dutton died as a result of a single gunshot wound to the anterior neck and chest.  Jackson testified that Appellant told her that he was the one who shot Dutton and he intended to flee to Louisiana. 

Appellant maintains that the shooting was unintentional, claiming that the honking of the horn likely startled the shooter and caused him to panic and shoot wildly.  He further contends that the fact that there was a demand for money indicates that the objective of the robbery was not to shoot Dutton, asserting that demanding money is pointless if the objective is to shoot a person and take his money.  In arguing that the shooting of the gun can be characterized as reckless behavior in this case, Appellant points to the fact that he is a teenager, urging to the court that teenagers are prone to reckless thinking and conduct.  Appellant stated in his confession that he assumed that Pearson fired the gun because he was scared. 

Due deference must be accorded to the jury regarding the weight and credibility of the witnesses.  
Zuniga
, 144 S.W.3d at 481.  A juror could infer that either Appellant or one of his three accomplices formed the intent to kill from the use of a deadly weapon because it would be reasonable to infer that death or serious bodily injury could result from the use of the weapon.  
See Ross
, 861 S.W.2d at 873.  Therefore, considering the evidence in a neutral light, we hold that the jury was rationally justified in finding guilt beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 484.  Accordingly, we overrule Appellant’s first point. 

3.  Modification of the Zuniga Standard

Appellant contends that the post-
Zuniga
 standard of review on factual sufficiency review needs to be modified.  As an intermediate appellate court, we are bound to follow the decisions of the court of criminal appeals. 
 See
 
State ex rel. Vance v. Clawson
, 465 S.W.2d 164, 168 (Tex. Crim. App.), 
cert. denied
, 404 U.S. 910 (1971); 
Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d).
(footnote: 3)  We must apply the standard of review as set forth by the court of criminal appeals; therefore, Appellant’s second point is overruled.  

CONCLUSION

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Penal Code Ann.
 § 7.02 (Vernon 2003).

3:
See also Wynn v. State
, No. 2-04-394-CR, 2005 WL 1542674 at *2-3 (Tex. App.—Fort Worth June 30, 2005, no pet.) (not designated for publication) (rejecting same argument as in the instant case); 
Thompson v. State
, No. 2-03-342-CR, 2004 WL 2365065, at *3 (Tex. App.—Fort Worth Oct. 21, 2004, pet. ref’d) (not designated for publication) (rejecting same argument as in the instant case).