02-11-361-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00361-CR

 

 


 
 
 Robbie Green Robertson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In two points, Appellant Robbie Green
Robertson appeals his conviction of aggravated robbery with a deadly weapon. 
We affirm.

II. 
Background

The State charged Robertson with
aggravated robbery with a deadly weapon.  A jury subsequently found Robertson
guilty, and after Robertson pleaded true to the repeat offender notice in the
indictment and the State introduced Robertson’s 2007 conviction for robbery by
threat, the jury assessed his punishment at twenty-three years’ confinement.  Because
Robertson’s two challenges pertain solely to voir dire, we will review that
portion of the record in our discussion below.

III.  Voir Dire

In his first point, Robertson complains
about the trial court granting the State’s challenge for cause to Venireperson
#2, and in his second point, Robertson argues that the trial court erred by
instructing the veniremembers on the incorrect penalty range.

A.  Challenge for Cause

In his first point, Robertson claims
that the trial court erred by granting the State’s challenge for cause to
Venireperson #2 because she “only expressed reservations about assessing
punishment at the high end of the punishment range,” and because the State
“never developed this as a bias nor did [it] explain the law or ask whether she
could set aside her beliefs and follow the law.”  Therefore, Robertson argues,
the challenge for cause was wholly underdeveloped and the erroneous granting of
the challenge resulted in the State getting an extra strike, “depriving [him]
of an equal number of peremptory strikes” in violation of the state and federal
constitutions and code of criminal procedure article 35.15.

The State can challenge for cause a
juror who cannot consider the full range of punishment.  Tex. Code Crim. Proc.
Ann. art. 35.16(b)(3) (West 2006).  In reviewing a trial court’s decision to
grant a challenge for cause, the court of criminal appeals has explained that
we must

look at the entire record of voir dire to
determine if the evidence is sufficient to support the court’s ruling on a challenge
for cause.  We afford great deference to the trial court’s decision because the
trial judge is present to observe the demeanor of the venireperson and to
listen to his tone of voice.  Particular deference is due when the
venireperson’s answers are “vacillating, unclear, or contradictory.”  Consequently,
we will reverse a trial court’s ruling on a challenge for cause only if a clear
abuse of discretion is evident.

Gonzales
v. State, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011) (citations
omitted).  Further, the erroneous excusing of a veniremember will call for
reversal only if the record shows that the error deprived the defendant of a
“lawfully constituted jury.”  Gamboa v. State, 296 S.W.3d 574, 580 (Tex.
Crim. App. 2009) (quoting Jones v. State, 982 S.W.2d 386, 394 (Tex.
Crim. App. 1998), cert. denied, 528 U.S. 985 (1999)).

With regard to Venireperson #2, the
following occurred during voir dire:

[Prosecutor]:  . . . But is
there anybody else—other than what we’ve talked about, anybody here who just feels
like I just can’t sit in judgment of another person, whether it’s for
philosophical reasons or whatever?  I know we’ve got some already—

[Venireperson #26]:  I understand that as a
United States citizen, it’s my responsibility to be a juror, but I have a real
hard time deciding the fate of another person.  I have a hard enough time
making decisions about my own life.  I just don’t think that I could in good
faith do that.

[Prosecutor]:  Okay.  I appreciate that.  Anybody
else?

[Venireperson #48]:  I agree with her.

[Prosecutor]:  You agree?  You don’t feel
like you would be able to sit as a juror and pass judgment?

[Venireperson #48]:  No.

[Prosecutor]:  Okay.  Yes, ma’am.

[Venireperson #18]:  I feel like her.  I do.

[Prosecutor]:  All right. Ma’am.

[Venireperson #2]:  I do.  I feel like I
can’t make the commitment to the higher end of it.

[Prosecutor]:  You’re concerned about the
high end of the punishment range?

[Venireperson #2]:  Yeah.  To me, that
doesn’t give them a chance to come out and do better.  [Emphasis added.]

[Prosecutor]:  Okay.  Anybody else?

All right.  Well,
thanks for participating. . . .  And unless anybody has anything else, I think
I’m done.  Thanks.

Prior to these statements by Venirepersons #26, #48, #18,
and #2, Venirepersons #7, #8, and #55 had already stated their concerns about
the range of punishment.[2]

The magistrate granted the State’s
challenges for cause to Venirepersons #8, #18, and #26 before reaching
Venireperson #2—the only challenge for cause that Robertson complains of in
this appeal.  The prosecutor argued that Venirepersons #2, #7, and #55 should
be struck for cause based on their inability to consider the full range of
punishment.  The following conversation then occurred:

[Defense]:  Well, I’d say that [Venireperson
#2], we’re not quite there.  She said she was bothered by the high end.  She
didn’t say she couldn’t give it fair consideration.  That’s the note I have.

. . . .

THE COURT:  Well, first off, let’s deal with
number seven.  I believe that’s a little bit more easy to deal with.  I have
him saying, “If it ain’t murder, no way,” so I think he’s fairly qualified for the
cause.

My notes have number two as saying, you know,
I have it in quotes, “No to the higher end.”  So I’m going to grant that cause
as well.

The
trial court also granted the State’s challenge for cause to Venirepersons #55
and #48.  The trial court then granted Robertson’s challenges for cause to
Venirepersons #1, #10, and #13.[3]

Assuming, without deciding, that the
trial court abused its discretion by granting the State’s challenge to
Venireperson #2, we must still determine whether Robertson was actually
deprived of a fair and impartial, lawfully constituted jury.  See Gamboa,
296 S.W.3d at 580 (quoting Jones, 982 S.W.2d at 394).

Robertson invites this court to
“reassess” the court of criminal appeals’s decision in Jones to apply
rule 44.2(b)’s nonconstitutional harm analysis and to require a showing that
the jury was not “lawfully constituted” before harm can be found.  Specifically,
Robertson argues that he was deprived of a lawfully constituted jury in that
the erroneous granting of the State’s challenge for cause deprived him of a
number of peremptory challenges equal to the State.[4]

We may not “reassess,” revisit, or
otherwise march to our own drummer in contravention of the marching orders set
forth by the court of criminal appeals.  See Wiley v. State, 112 S.W.3d
173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d) (“[A]s an intermediate
appellate court we are bound to follow the pronouncements of the court of
criminal appeals.”); State ex rel. Vance v. Clawson, 465 S.W.2d 164, 168
(Tex. Crim. App.) (stating that as the court of criminal appeals is the court
of last resort in Texas in criminal matters, “no other court of this state has
authority to overrule or circumvent its decisions, or disobey its mandates.”), cert.
denied, 404 U.S. 910 (1971).  Further, as Robertson has not argued or
shown—and the record does not reflect—that the jurors who served in his trial
were not qualified, we conclude that he was not deprived of a lawfully
constituted jury.  See Jones, 982 S.W.2d at 393 (stating that “[t]he
defendant’s only substantial right is that the jurors who do serve be
qualified,” and that “[t]he defendant’s rights go to those who serve, not to
those who are excused”).  Therefore, we overrule Robertson’s first point.

B.  Penalty
Range

In his second point, Robertson claims
that the trial court erred by instructing the jury on the wrong penalty range, “thus
informing the panel [Robertson] had a prior felony conviction and thereby
prejudicing the panel.”

We will first turn to the magistrate
judge’s instruction to the jury panel.

THE COURT:  Okay.  I will now give you some
legal principles that will be involved in this case.

. . . . 

If a defendant is found
guilty, the same jury that determined guilt is called upon to assess
punishment.  The punishment phase is conducted immediately following the return
of a guilty verdict.  Following the punishment range—punishment phase, the jury
will be instructed by the Court as to the range of punishment which they will
consider for this—in the case.  In a case involving aggravated robbery, the
jury would be instructed that they could set the punishment anywhere from 15
(verbatim) years up to 99 years or life.  In addition, they would be
instructed that a fine of up to $10,000 may be assessed.  [Emphasis added.]

The punishment range for aggravated
robbery is five to ninety-nine years, which was correctly stated by the
prosecutor as set out below.  See Tex. Penal Code Ann. §§ 12.32, 29.03
(West 2011).  When a first degree felony is enhanced with a prior felony conviction,
the punishment range increases to fifteen to ninety-nine years.  Id. § 12.42(c)(1)
(West 2011 & Supp. 2011).

[Prosecutor]:  Okay.  Now, the punishment range
for the offense of aggravated robbery, it’s a first-degree felony under our
law. . . .

Aggravated robbery
with a deadly weapon is a first-degree felony, and it’s up here on the board. 
There’s a punishment range.  It’s not less than five years nor more than 99
years or life, and, in addition the jury can assess up to a $10,000 fine. 
Anywhere from zero up to 10,000.  Okay?

. . . . 

All right.  Now, I want to talk about another
range, because—the reason I’m doing this is because, all felony cases in Texas,
you know, you have a punishment range for different offenses like what I put up
on the board, but there’s also, depending on the case, if a person has prior
convictions, prior felony convictions, the law increases the punishment. 
Okay?  Figures, hey, second time around, you know, we’re going to make it a
little harsher on you the second time you commit a felony.

So the range for
that, if it’s shown—again, the burden is on us.  So if in any case, in this
case a first-degree felony, agg robbery, if it’s shown that the defendant has a
previous felony conviction before he, you know, came back and did the robbery,
then the punishment range increases, and I think you can see from there what it
basically does is it raises the minimum.  Instead of being a minimum of
five, it’s now a minimum of 15 because of the fact that he has the prior felony
conviction.  [Emphasis added.]

Does everybody see
how that works?  And, again, the burden is on us to prove that.

[Venireperson #26]:  I just have a question. 
So does that mean that you are notified that the Defendant has already had a
previous felon[y] before the trial starts—

[Prosecutor]:  No.

[Venireperson #26]:  —or at the process of
the trial or at the punishment phase or not at all?

[Prosecutor]:  Here’s—well—

[Venireperson #26]:  I mean, I don’t
understand how that comes into play or when it does or if it does.

[Prosecutor]:  Okay.  This comes into play—the
punishment range and the enhancement provisions come into play when you get to
the punishment phase of the trial.  You found him guilty.  Now you’ve moved
into the punishment phase, and you’re deciding punishment.  And like we talked
about, one of the things that’s important is the facts of the crime, but also
the defendant’s background and character.  And if the background and character
has taken the form of a felony conviction, then the legislature said, “We’re
raising the minimum from five to 15.”  So you see how that works?  And that
will be something—that applies—that’s in any criminal case, whether it’s a first-degree,
second-degree felony, third-degree felony.  There are enhancement provisions
for any type of offense pretty much, and the legislature raises punishments for
people who have been in trouble before and they’ve been convicted before.  Does
that make sense to everyone?  Does anybody have questions about that?

[Venireperson #60]:  Yeah.  I just want to be
clear that if there are prior convictions, will that be made known to the jury
during the case, you’re not allowed to do that, or would you be made aware of
it only during the punishment phase?

[Prosecutor]:  That’s a punishment issue.

[Venireperson #60]:  So before then, we won’t
be aware of it?

[Prosecutor]:  Well, no, because like I said,
in the guilt/innocence phase, you know, we’re focused on the specific crime
he’s accused of.

[Venireperson #60]:  Okay.  So you’re not
allowed to use prior convictions to further—

[Prosecutor]:  Right.

[Venireperson #60]:  Okay.

[Prosecutor]:  Now, with all of that said—yes,
sir. [Venireperson #50]?

[Venireperson #50]:  So when the Judge read
15 to 99, that was a slip of the tongue whenever he said 15 to 99 years?

[Prosecutor]:  Well, that’s part of the
range.

[Venireperson #50]:  Okay.  I was just making
sure that he didn’t—that that wasn’t specific to this case.  That was just a—

[Prosecutor]:  No, we can’t go into specifics
in this case.

[Venireperson #50]:  Okay.

A review of the foregoing shows that no
objection was made to the magistrate judge’s statement.[5]
 To preserve a complaint for our review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  And, generally, even constitutional
errors are forfeited by the failure to object at trial.[6] 
Curry v. State, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995).  Because
Robertson failed to preserve this complaint for our review, we overrule his
second point.

IV.  Conclusion

Having overruled both of Robertson’s points,
we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
MCCOY, J.; LIVINGSTON,
C.J.; and MEIER, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]Specifically, Venireperson
#8 said that he would not be able to keep an open mind to the possibility of
assessing ninety-nine years, and Venireperson #7 agreed with Venireperson #8,
saying that he absolutely could not give someone as much as ninety-nine years
or life.  In contrast, Venireperson #55 said that he had a problem with the low
end of the punishment range.





[3]Venireperson #1 had been
robbed three times.  Venireperson #10’s ex-husband had been held at gunpoint
during a robbery, and she also had problems with believing testimony from an
accomplice witness.  Venireperson #13 had been robbed when she worked as a bank
teller.  Although the State argued that Venireperson #13 had said that she
could differentiate between different factual circumstances, the trial court
replied that it would grant the challenge “out of an abundance of caution.”  See
Johnson v. State, 43 S.W.3d 1, 8 (Tex. Crim. App. 2001) (Keller, P.J.,
concurring) (restating that under Jones, when the State is granted a
challenge for cause that is later asserted to be erroneous, this constitutes
reversible error only if the record shows that the defendant was deprived of a
lawfully constituted jury, that the underlying policy is to liberally grant
challenges for cause, and that courts should err on the side of granting
challenges for cause).





[4]In Jones, the court
specifically rejected Robertson’s theory that the erroneous exclusion for cause
of a veniremember “is the same as if the State had been given an extra
peremptory challenge,” pointing out that a juror’s disqualification is not
related to the juror’s desirability.  982 S.W.2d at 393–94 (“It is especially
wrong to equate the State’s challenge for cause to a peremptory challenge,
because the State has the right to challenge disqualified jurors even when
their disqualifications might seem to make them favor the State.”).  Further,
the court also observed that the State’s ability to exclude a challenged juror
would not affect any of the defendant’s substantial rights “because a defendant
has no right that any particular individual serve on the jury.”  Id. at
393.





[5]Cf. Jackson v. State,
285 S.W.3d 181, 183–84 (Tex. App.—Texarkana 2009, no pet.) (quoting Hart v.
State, 173 S.W.3d 131, 142 (Tex. App.—Texarkana 2005, no pet.), which
states, “The Texas Court of Criminal Appeals has stated repeatedly that both the
[S]tate and the accused have the right to inform the jury of the range of
punishment applicable to an offense, including a range that is enhanced, and to
qualify the panel on the full range of punishment.”) (emphasis added).





[6]While rule 33.1 does not
apply to rights that are waivable only or to absolute systemic requirements,
the violation of which may be raised for the first time on appeal, the
magistrate judge’s statement does not fall into either of the waivable or
systemic categories.  See Mendez, 138 S.W.3d at 339–44; Saldano v.
State, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002).